UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 17-20334

v.                                  Judith E. Levy
                                  United States District Judge
Jonathan Wade Wright,     Anthony P. Patti
                                  Magistrate Judge

                Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT JONATHAN WADE WRIGHT'S MOTION FOR COMPASSIONATE RELEASE [43]**

On June 27, 2018, Defendant Jonathan Wade Wright pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 30.) Defendant was sentenced to 60 months' imprisonment, to be served consecutively to the sentenced imposed by the Honorable Judge Nancy G. Edmunds in Case No. 17-20022. (*Id.* at PageID.197.)

On June 9, 2020, Defendant moved for compassionate release and/or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the danger posed to him by the COVID-19 pandemic

constitutes an "extraordinary and compelling reason" for release. (ECF No. 43.) Because Defendant was serving Judge Edmunds' sentence at the time of his motion and would not begin serving the sentenced imposed by this Court until September 17, 2020, the Court stayed Defendant's motion on July 15, 2020, pending the resolution of Defendant's identical compassionate release motion before Judge Edmunds. (ECF No. 42.) Because Judge Edmunds has since denied Defendant's separate compassionate release motion, and because Defendant is now serving the sentenced imposed by this Court, the undersigned now has jurisdiction to address Defendant's second compassionate release motion. For the following reasons, the motion is DENIED.

As an initial matter, the Court acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to his confinement at FCI Elkton in Lisbon, Ohio. On March 23, 2020, the Centers for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present[] unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*,

Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. The Court additionally acknowledges that FCI Elkton itself has confirmed cases of COVID-19 for both detainees and staff. *COVID-19 Cases*, Federal Bureau of Prisons, (October 5, 2020) https://www.bop.gov/coronavirus/; *see also Wilson v. Williams*, No. 20-00794, 2020 WL 1940882 (N.D. Ohio, Apr. 22, 2020). Indeed, since the initial confirmed outbreaks in early 2020, Attorney General Barr has directed federal prisons to systematically evaluate and release inmates most at risk from the COVID-19 pandemic. Memorandum for Director of Bureau of Prisons, Att'y Gen. William Barr, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020).

However, Defendant is not one of those most at risk. The compassionate release statute allows the Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines define "extraordinary and compelling reasons" as "suffering from a serious physical or medical condition . . . that

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

Defendant argues that he has "pre-existing asthma condition." (ECF No. 31.) He made an identical argument before Judge Edmunds, who rejected it for the following reason:

> [W]hile Defendant's medical records reflect he has asthma and was prescribed an inhaler upon his arrival at FCI Elkton in 2018, he never picked up that inhaler. Thus, it appears his asthma is mild. But even if Defendant has a severe form of asthma, it is unclear whether this medical condition places him at a higher risk for severe illness from the virus. *See* People with Underlying Medical Conditions, Centers for Disease Control and Prevention [CDC], https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (stating that people with moderate-to-severe asthma '*might* be at an increased risk for severe illness form COVID-19').

(*United States v. Jonathan Wright (D-4)*, No. 17-20022, ECF No. 340, PageID.5174.) Defendant has made identical asthma arguments before this Court. The undersigned agrees with Judge Edmunds that Defendant's asthma appears to be mild and is therefore not currently a CDC-supported justification for compassionate release.

In this case, the parties bring up two additional potential medical conditions that were apparently not before Judge Edmunds: obesity and

4

kidney disease. Unlike mild asthma, the CDC has advised that both chronic kidney disease and a BMI of 30 or greater ("clinical obesity") independently "increase[ a person's] risk of severe illness from COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (Sep. 11, 2020). The Court will therefore address these additional alleged conditions.

In the United States' July 10 response to Defendant's compassionate release motion, the government noted that Defendant's 2018 Presentence Report reflected a Body-Mass Index (BMI) of 37.6 (ECF No. 35, PageID.221.) Though Defendant did not mention obesity as a compassionate release factor in his June 9, 2020 motion, he did briefly reference it in his August 12, 2020 reply, along with the brief new reference to a potential kidney condition. (ECF No. 44, PageID.325.) ("I should not be denied due to the fact I do have a pre-existing asthma condition, as well as obesity and from my recent lab reports from February 2020, I may also have a kidney disease that I have yet to be checked for or even have a follow-up appointment.")

As to Defendant's obesity, it is undisputed that he qualified as clinically obese in 2018. However, neither party attached records reflecting Defendant's current BMI, and Defendant himself mentioned the issue only briefly in reply and did not rely on it in his original motion. Absent evidence of a current obesity condition, the Court will not consider the alleged obesity in this compassionate release motion. Defendant is, however, free to renew this motion with evidence of obesity at a later time.

As to the alleged kidney condition, the Court examined Defendant's February 2020 medical record but could not find evidence of a chronic kidney problem. The medical record indicates that Defendant has a glomerular filtration rate (GFR) of "greater than 60," and the medical note accompanying this information says that "a calculated GFR [of less than] 60 suggests chronic kidney disease if found over a 3 month period." (ECF No. 44, PageID.332.) According to this record, Defendant's GFR was not in the danger zone in February 2020, and the parties did not provide GFR records for more than this one month's report. Accordingly, this information does not support compassionate release.

For the foregoing reasons, the Court cannot conclude that Defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

The Court is concerned about the wellbeing of Defendant, as well as that of all detainees, during the pandemic. However, the Court cannot find that Defendant has demonstrated "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A). Should Defendant's condition change, he is of course free to renew his motion.

Accordingly, Defendant's motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 6, 2020         s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
       United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2020.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager