UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 17-20334

v.

                          Judith E. Levy
                          United States District Judge
Jonathan Wade Wright,      Anthony P. Patti
                          Magistrate Judge

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT JONATHAN WADE WRIGHT'S RENEWED MOTION FOR COMPASSIONATE RELEASE [50]**

Before the Court is Defendant's third motion for compassionate release. (ECF No. 50.) For the following reasons, this motion is DENIED.

**Background**

On June 27, 2018, Defendant Jonathan Wade Wright pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 30.) The Court sentenced Defendant to 60 months' imprisonment, to be served consecutively to the sentenced imposed by the Honorable Judge Nancy G. Edmunds in Case No. 17-20022. (*Id.* at PageID.197.)

On June 9, 2020, Defendant moved for compassionate release and/or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his asthma, obesity, and chronic kidney disease rendered him particularly susceptible to the COVID-19 pandemic and therefore constituted "extraordinary and compelling reasons" for release. (ECF No. 43.) Because Defendant was serving Judge Edmunds' sentence at the time of his motion and would not begin serving the sentenced imposed by this Court until September 17, 2020, the Court stayed Defendant's motion pending the resolution of Defendant's identical compassionate release motion before Judge Edmunds. (ECF No. 42.) On October 6, 2020, after Judge Edmunds denied Defendant's separate compassionate release motion and Defendant began serving the sentenced imposed by this Court, the undersigned denied without prejudice Defendant's motion. (ECF No. 46.) Specifically, the Court agreed with Judge Edmunds that Defendant's alleged asthma appeared to be mild and was therefore not currently "a CDC-supported justification for compassionate release." (*Id*. at PageID.377.) Because there was no evidence of obesity or a kidney condition, the Court denied without prejudice Defendant's

motion and noted that, "[s]hould [his] condition change, [Defendant] is of course free to renew his motion." (*Id.* at PageID.380.)

On October 9, 2020, Defendant filed a *pro se* motion requesting that the Court reconsider its denial of compassionate release.[1] (ECF No. 47.) In the motion, Defendant raised only the issue of his obesity and attached a letter from the Bureau of Prison health services report confirming that his Body Mass Index was 36 as of October 20, 2020. (ECF No. 347, PageID.386.) Assuming, without deciding, that Defendant's BMI of 36 constituted extraordinary and compelling reasons for compassionate release, the Court denied Defendant's motion on December 7, 2020 for the following reason:

> Careful analysis of his § 3553 factors as required by *Jones* compel a denial of Defendant's motion for compassionate release. During a compassionate release analysis, the applicable § 3553 sentencing factors include: the nature and circumstance of the offense and the defendant's history and characteristics; the need for the defendant's sentence to reflect the seriousness of the offense; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes; and the need to provide the

---

[1] Pursuant to the Court's October 6 Order granting Defendant explicit permission to file a renewed motion for compassionate release should new medical evidence arise, the Court interpreted this *pro se* motion as a renewed motion for compassionate release rather than a motion for reconsideration. (*See* ECF No. 46.)

defendant with certain services. *See* 18 U.S.C. § 3553(a)(1)-(2).

After considering these same factors when sentencing Defendant in June 2018, the Court sentenced Defendant to 60 months' imprisonment, to be served consecutively to the 30-month sentence imposed by Judge Edmunds in Case No. 17-20022. (ECF No. 30.) This sentence reflected the severity of Defendant's offense of possession of a firearm in furtherance of a drug trafficking crime, which he committed in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*) . . . Moreover, Defendant did not engage in this conduct in isolation, but in association with a notoriously violent gang. As the Court indicated at initial sentencing, this conduct—mixing drug dealing with multiple loaded firearms, particularly in the context of a gang—is terribly serious. Additionally, Defendant did not begin serving the sentence imposed by this Court until September 17, 2020, meaning that he has served less than 5% of his sentence—fewer than 3 months out of 60. (ECF No. 42.) While the Court does not consider a low percentage of "time served" to be ubiquitously fatal to all compassionate release motions, Defendant's underlying conduct in this case posed a great risk of danger to the public. Accordingly, the Court cannot conclude that Defendant's 2.5 months of imprisonment for his underlying offense has "reflect[ed] the seriousness of the offense" or "afford[ed] adequate deterrence to criminal conduct." § 3553(a). Nor can the Court conclude that there would be no risk to the public upon Defendant's early release.

*Id.*

**The Current Motion**

On March 9, 2021, Defendant filed a new motion for compassionate release, arguing as to the § 3553 factors,

> While it is true that Wright has yet to serve the majority of his sentence in the instant case, he has served nearly half of his total aggregate sentence—the majority of which has been spent in a prison identified as an epicenter for spread of a deadly virus and under lockdown conditions. The increasingly punitive nature of the last year of Wright's sentence has therefore ensured that just punishment is served.

(ECF No. 50, PageID.423.) Defendant identifies no circumstances that have changed in the three months between his current motion and the Court's December denial of his previous motion, though the Government points out that Defendant's misconduct while in prison has since "caused him to lose 41 days of Good Conduct Time towards his release. Wright's projected release date is [now] January 30, 2025." (ECF No. 55, PageID.457 (citing BOP Sentence Computation).) The Court accordingly denies Defendant's renewed motion for the same reasons it denied his prior motion.[2] (*See* ECF No. 347.)

---

[2] Because the Court would again deny Defendant's motion based on the § 3553 factors, it is unnecessary to address the question of extraordinary and compelling circumstances. However, the Court was disappointed that FCI Elkton could not provide an update as to when Defendant—whom the CDC has identified as a higher

5

Accordingly, the Court finds that compassionate release would not be consistent with the § 3553 sentencing factors.[3] Defendant's motion for compassionate release is, therefore, DENIED.

IT IS SO ORDERED.

Dated: March 29, 2021　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2021.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager

---

risk for a dire outcome from COVID-19 based on his Body-Mass Index—would be offered the COVID-19 vaccine. (ECF No. 55, PageID.452.)

[3] Judge Edmunds reached the same conclusion when she considered Defendant's identical compassionate release motion. (ECF No. 340, PageID.5175.)